# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**RHONDA DAY,**

    Petitioner**,**

  vs.

**MICHAEL SILVERTHORN, ET AL.,**

    Respondents**.**

CASE NO. 18-cv-04223-YGR

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 11

Petitioner Rhonda Day, Executor of the Estate of Wanda G. Silverthorn, brings this petition for return of property against Michael Silverthorn, Metropolitan Life Insurance Company ("MLIC"), and Does 1-20. (Dkt. No. 1 at ECF 10-14 ("Pet.").) Petitioner seeks an order returning to her certain life insurance benefits that were paid from decedent's Federal Employees Group Life Insurance ("FEGLI"). (*Id.* at ECF 10-11.) Petitioner alleges that these benefits "were wrongfully received by decedent's ex-husband of 27 years." (*Id.* at 10.) Petitioner originally filed her petition in the California Superior Court, County of Contra Costa on April 12, 2018. (*See id.*) Respondent MLIC later removed the action to this Court, asserting jurisdiction based on existence of a federal question. (Dkt. No. 1 at ECF 1-6 ("Removal") at 1-2.)

Now before the Court is petitioner's motion to remand.[1] (Dkt. No. 11 ("Remand").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** petitioner's motion to remand.

---

[1] The Court has reviewed the papers submitted by the parties in connection with plaintiffs' motion to remand. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for March 26, 2019.

# I. BACKGROUND

## A. Factual Background

Petitioner filed the instant action in the Superior Court for Contra Costa County petitioning the court for an order, "pursuant to California Probate Code section 850, *et seq.*, ordering that certain [FEGLI] life insurance benefits shall be returned to her as they were wrongfully received" by decedent Wanda G. Silverthorn's ex-husband, Michael Silverthorn. (Pet. at ECF 11.)

Specifically, petitioner alleges as follows:

Wanda Silverthorn and Michael Silverthorn were married on December 20, 1974. (Pet. at ECF 10.) In August 1990, they separated, and as part of their separation, they signed a Marital Settlement Agreement. (*Id.*) A key term of that agreement states: "Each party hereto does hereby waive any and all right to inherit the estate of the other at his or her death, or to take property from the other by devise or bequest unless under a Will executed subsequent to the date of this agreement . . . ." (*Id.* at ECF 10-11.)

In 1985, while married, Wanda completed a Designation of Beneficiary from under her FEGLI, designating Michael as a beneficiary. (*Id.* at ECF 11) On July 19, 1990, during their separation, Wanda revised the Designation of Beneficiary form removing Michael and designating her twin sister, petitioner Rhonda Day, as the beneficiary. Wanda revised the FEGLI Designation form in her handwriting and had it witnessed by two individuals and initialed by an agent from the Regional Personnel Office; however, she inadvertently did not sign the revised form. (*Id.*) At the time that Wanda revised the FEGLI Designation form designating petitioner Day as the beneficiary, she also signed a similar form for her Thrift Saving Plan and her Civil Service Retirement designating petitioner as the beneficiary for each. (*Id.*)

Wanda passed away on July 4, 2017. (*Id.*) Thereafter, petitioner attempted to collect on the FEGLI benefits "but was declined as the revised Designation was not signed by Wanda[.]" (*Id.*) FEGLI, instead, issued the insurance benefits to Michael, Wanda's ex-husband of over 30 years, under the original 1985 FEGLI Designation form. (*Id.*) Michael now refuses to return the FEGLI insurance benefits to petitioner. (*Id.*)

### B. Procedural Background

Respondent MLIC removed the action to this Court on the grounds that petitioner's petition "solely concerns the payment of decedents" FEGLI benefits over which the Court has original jurisdiction pursuant to 5 U.S.C. § 8715. (Removal at 1-2.) MLIC avers that although the petitioner does not set forth any federal claims against the respondents, "the gravamen of the Petition is to have the court reverse MetLife's non-discretionary payment of life insurance benefits that it made pursuant to the strict requirements of the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701." (*Id.* at 2.)

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, there is a "strong presumption against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'aris[es] under' federal law . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotations omitted). A substantial federal question exists where (1) the state law claim necessarily raises a federal issue that is actually disputed; (2) the federal interest in the issue is substantial; and (3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005).

## III.   ANALYSIS

As MLIC concedes that petitioner's petition does not include any federal claim, to determine whether petitioner's action arises under federal law, the Court need only evaluate

3

whether her "right to relief necessarily depends on resolution of a substantial question of federal law." *See Empire*, 547 U.S. at 690. In MLIC's notice of removal and opposition to the instant motion, it argues that this action is removable to this Court because federal statutes regulate the payment of decedent's FEGLI benefits and "FEGLIA pre-empts state law which is inconsistent with the FEGLI contractual provisions."[2] (Removal at 3; *see also* Dkt. No. 14 ("Opp.") at 3-7.) The Supreme Court has said that it is "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) (emphasis in original). Thus, such ordinary preemption does not constitute a valid basis for the Court to exercise federal question jurisdiction.

By contrast, complete preemption does create federal question jurisdiction. Complete preemption occurs when federal law "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). To date, the Supreme Court has singled out only a handful of statutes for such special treatment. *See Avco Corp. v. Machinists*, 390 U.S. 557, 561-62 (1968) (holding that Section 301 of the Labor Management Relations Act ("LMRA") pre-empts any state cause of action for violation of contracts between an employer and a labor organization such that these claims are removable to federal court); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (holding that Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") displaces state common law claims such that they are removable to federal court); *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 484-85 (1999) (holding that the Price-Anderson Act not only gives federal courts jurisdiction over tort actions arising out of nuclear accidents but also expressly provides for removal of such actions brought in state court even when

---

[2] The Court notes that in MLIC's notice of removal, it also cited to 5 U.S.C. § 8715, which states, "The district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on this chapter." (*See* Removal at 2 (citing 5 U.S.C. § 8715).) However, petitioner does not bring her claim "against the United States," so this portion of the statute provides no support for the Court's jurisdiction.

they assert only state-law claims); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003) (holding that Sections 85 and 86 of the National Bank Act provide the exclusive cause of action for a claim of usury against a national bank).

In each instance in which the Supreme Court has found complete preemption, "[t]he necessary ground of decision . . . was that the preemptive force of [the section in question] is so powerful as to displace entirely any state cause of action[.]" *See e.g., Taylor*, 481 at 64. In finding such preemptive force, the Supreme Court looked to language within the respective statutes explicitly attributing jurisdiction to the district courts. *See e.g. id.* at 65 (noting that the language of the jurisdictional subsection of ERISA's civil enforcement provisions closely parallel that of Section 301 of the LMRA); *see also* 29 U.S.C. § 1132(f) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.").

Here, MLIC does not point to any authority for finding such preemptive force in the FEGLIA statute.[3] (*See* Removal, Opp.) Although the FEGLIA statute does include a jurisdictional provision, it applies only to claims against the United States. *See* 5 U.S.C. § 8715. Moreover, petitioner's claim is not for FEGLI benefits, but for a conveyance of property pursuant to California Probate Code Section 850. (*See* Pet.) While her claim may "well implicate FEGLIA, it does not *necessarily* raise a federal issue, and might instead turn on other conduct not addressed in the statute." *Victoria v. Metropolitan Life Ins.*, No. C 09-04179 CRB, 2010 WL 583946, *2 (N.D. Cal. Feb. 16, 2010) (emphasis in original). Therefore, "[a]lthough federal statutes and regulations may ultimately be looked to at some point in this litigation, [petitioner's] action, at its core, requires only an interpretation of the FEGLIA policy and such interpretation is guided by state law." *Kittner v. Metropolitan Life Ins. Co.*, No. 01-CV-0146E(SF), 2001 WL 388754, at *2 (W.D.N.Y. Apr. 13, 2001); *see also Messinger v. Rodriguez*, No. 2:17-CV-2412-

---

[3] MLIC's reliance on *Hillman v. Maretta* is inapposite. (*See e.g.*, Opp. at 5-6 (citing 133 S. Ct. 1943 (2013)).) In *Hillman*, the Court held that a state law was preempted when applied to a FEGLI policy because the law would create a different order or payment precedence than the one provided by FEGLIA, triggering FEGLIA's conflict preemption provision. *Hillman*, 133 S. Ct. at 494-97. Jurisdiction was not at issue. Indeed, the claim was filed in state court and came to the Supreme Court on appeal from the Virginia Supreme Court. *Id.* at 489.

PMD, 2018 WL 817211, at * 4 (D.S.C. Feb. 12, 2018) (granting remand of state-law claim "because MetLife has not shown that the[] causes of action were created by FEGLIA or turn on a substantial question of federal law").

Accordingly, MLIC has failed to establish that petitioner's petition raises a substantial question of federal law necessary for federal question jurisdiction pursuant to Section 1331.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to remand. Clerk of the Court to remand this action to Contra Costa County Superior Court.

This Order terminates Docket Number 11.

**IT IS SO ORDERED.**

Dated: March 11, 2019

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE